IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

OFFICE OF THE ATTORNEY GENERAL,
STATE OF FLORIDA, DEPARTMENT OF
LEGAL AFFAIRS,

    *Plaintiff*,

v.

SNAP, INC.,

    *Defendant*.

Case No. 3:25-cv-676-TKW-HTC

## MOTION TO REMAND

Plaintiff, the Office of the Attorney General of the State of Florida, Department of Legal Affairs ("DLA"), pursuant to 28 U.S.C. §1447, moves this Honorable Court to remand this suit to enforce state law back to the Circuit Court of the First Judicial Circuit in and for Santa Rosa County, where it was filed.

In support, DLA states as follows:

1. Defendant Snap's asserted bases for federal jurisdiction are meritless.

2. There can be no diversity of citizenship where one party is the citizen of no State.

3. DLA, suing in its official capacity, holds no individual citizenship.

4. Snap's assertion that DLA is not the "real-party in interest" is plainly refuted by the Complaint, which seeks to enforce two state statutes consistent with DLA's mandate to enforce those laws. The injunctive and punitive nature of the

1

relief sought makes clear that DLA seeks to benefit the State by deterring future violations by Snap and other wrongdoers.

5. Nor has Snap established federal officer jurisdiction, a narrow exception permitting federal officers, agencies, and those working under them in certain circumstances to apprise themselves of federal jurisdiction to prevent state-court interference with federal operations.

6. Precedent makes clear that Snap has failed to establish that it acts under a federal officer. Snap's brief partnership with two government agencies (or their private media agencies) to support awareness campaigns comes nowhere near the deep and enduring ties, control, and supervision federal courts require to give a private company the benefit of federal officer jurisdiction.

7. Snap has separately failed to meet its evidentiary burden to establish federal officer jurisdiction by providing no record evidence in support of its allegations.

8. Independently, Snap has failed to establish that it committed the conduct of which the DLA complains under color of federal law. There is no causal connection between Snap's alleged episodic interactions with the federal government and Snap's repeated and egregious violations of state law.

9. Lawsuits by State Attorneys General asserting state-law claims against social media companies have been brought by many Attorneys General in courts

across the country. Those cases have, and continue, to proceed in state court. Few Defendants have even attempted removal, and none (to DLA's knowledge) on the novel grounds Snap attempts here.

10. Absent prompt remand, Snap's meritless removal will forestall this ongoing enforcement action against Snap. Prior to removal, DLA filed a motion for a temporary injunction to enjoin Snap's blatant violations of Florida law. It is critical that this important case, which seeks to vindicate state policy aimed at protecting the health of young people, be quickly returned to a court that has subject matter jurisdiction to hear it.

11. The Court should award DLA fees and costs it has incurred in defending against Snap's objectively unreasonable removal.

Dated: May 30, 2025                                                                                 Respectfully Submitted,

By: /s/ David H. Thompson
David H. Thompson
Brian W. Barnes*
COOPER & KIRK, PLLC
1523 New Hampshire Ave., N.W.
Washington, D.C. 20036
Tel: (202) 220-9600
Fax: (202) 220-9601
dthompson@cooperkirk.com
bbarnes@cooperkirk.com

*Admitted *pro hac vice*

JAMES UTHMEIER
ATTORNEY GENERAL
STATE OF FLORIDA

Donna Cecilia Valin
 (FL Bar No. 96687)
Special Counsel, Assistant Attorney General
Consumer Protection Division
135 West Central Blvd.
Orlando, FL 32801
(407) 316-4840
Donna.valin@myfloridalegal.com

3

        Victoria Ann Butler (FL Bar No. 861250)
Director of Consumer Protection Litigation
3507 E. Frontage Road, Suite 325
Tampa, FL 33607
(813) 287-7950
Victoria.butler@myfloridalegal.com

Diane Kondor Oates (FL Bar No. 116233)
Senior Assistant Attorney General
Consumer Protection Division
1 SE 3rd Avenue
Miami, FL 33131
(305) 377-5835
Diane.oates@myfloridalegal.com

*Attorneys for Office of the Attorney General,
State of Florida, Department of Legal Affairs*

4

## **CERTIFICATE OF SERVICE**

Pursuant to Local Rule 7.1(c), I hereby certify that on May 30, 2025, I caused a true and correct copy of the foregoing Motion for Remand to be electronically filed with the Clerk of the Court using CM/ECF and to be served via electronic mail upon the following counsel as indicated below:

Alfred Benjamin Gordon, III
Anne Nicole Izzo
ANCHORS GORDON PA
2113 Lewis Turner Blvd., Suite 100
Fort Walton Beach, FL 32547
850-863-1974
bgordon@anchorsgordon.com
aizzo@anchorsgordon.com

Katherine Booth Wellington
Reedy Swanson
HOGAN LOVELLS US LLP
555 13th St NW
Washington, DC 20004-1109
202-637-5600
katherine.wellington@hoganlovells.com
reedy.swanson@hoganlovells.com

Lazaro Fields
CONTINENTAL PLLC
101 N Monroe Street
Suite 750
Tallahassee, FL 32301
850-332-0702
LFields@ContinentalPLLC.com

Christopher M Kise
CHRIS KISE & ASSOCIATES
201 East Park Avenue, 5th Floor
Tallahassee, FL 32301
850-933-4913
chris@ckise.net

*Counsel for Defendant*

Respectfully submitted,

/s/ David H. Thompson

*Attorney for Office of the Attorney General, State of Florida, Department of Legal Affairs*

5